UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COLYER and | ) | |
| DARIUS PINEX, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 C 04855 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA, | ) | |
| and RAOUL MOSQUEDA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This Order explains why a particular line of defense argument is barred for closing argument. During other civil-rights trials over which this Court has presided in recent months, the defense lawyers have been making, during closing arguments to the jury, an argument that is likely impermissible and sounds like a new standard argument by the City of Chicago's department of law. The issue should be addressed before closings, and the Court raises the issue on its own initiative because an objection during closings would only draw attention to the line of argument, and so it is better to address it in this setting.

The argument is along the lines of: "Plaintiff bears the burden of proof because the system gives him a courtroom. The system gives him a jury. And the system gives him the Judge. So all we ask of Plaintiff is that he prove his case, and that he satisfy the burden of proof." No objections were made by plaintiffs in the prior trials, and of course it is permissible to remark (even repeatedly) on the principle that the plaintiff bears the burden of proof. But the line of argument that specifically refers to *linking* the burden of proof to the costs of trial is impermissible. It risks increasing the preponderance burden-of-proof beyond its very simple formulation—"more likely than not"—into something more. In reacting to this argument, the jury might very well set the bar higher than preponderance by factoring-in their own jury-service burden, the taxpayers' cost of providing a courtroom, and (worst and least relevant of all) the burden on the presiding judge. The plaintiff bears the burden because of proof in civil actions because the plaintiff is seeking court action to change the status quo, *Schaffer ex rel. Schaffer v. Weast*,

546 U.S. 49, 46 (2005), but there is no reason to tell the jury even that, and certainly no reason to go even farther and pile-on the costs of trial. In most cases, there is a constitutional right to a jury trial, so really it is the preservation of that important right that is the source of the costs. The line of argument is barred.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 26, 2015