**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW COLYER., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 4855 |
| | ) | |
| CITY OF CHICAGO, et. al. | ) | Judge Edmund E. Chang |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFFS' SUPPLEMENTAL RESPSONSE REGARDING**
**DEFENDANTS TRAINING AND DEPARTMENT POLICY**

Plaintiffs respectfully submit the following Supplemental Response to

Defendants' motion *in limine* (R. 234) regarding the use of police policy and training

material at trial pursuant to this Court's Order. (R. 270).

**SUPPLEMENT**

Plaintiffs seek to introduce evidence relating to the following categories of

training and CPD policy: (1) Sierra's admission that he acted contrary to his training

when he failed to call for backup and failed to pull up directly behind Pinex's car; (2)

policies and procedures concerning in-car audio-visual systems; and (3) documentation

related to expert testimony.

**I.      Failure to Call for Backup and Failure to Pull Directly Behind Pinex's**
**Car**

Sierra's admission that he acted contrary to his training by failing to call for

backup and failed to pull his car directly behind Pinex's "is relevant because it could lead

the jury to disbelieve Sierra's contention that he thought he was making a high risk stop

or that he believed that there was a gun in the car." Dkt 270 at 10.  Introduction of this

evidence therefore does not violate the Seventh Circuit's ruling in *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), and it is admissible.

So long as Sierra does not seek to backtrack on his admissions, Plaintiffs do not intend to bog down the trial by going through specific training and policies in detail. It is enough for the jury to hear from Sierra that he acted contrary to his training. On the other hand, if Sierra does backtrack or disavow those admissions, Plaintiffs will seek to introduce the following training-related evidence for impeachment purposes on these points: CPD Basic Recruit Training; Use of Force 1, 2, and 3; V059—Five Step Tactical Communication; V029 Tactical Communication 8 step;V091 Use of Force No. 3—Deadly Force; VO82—Vehicles Bullets and Beliefs; V025—Accidental Discharge; V035—Officer Tries to Block Moving Subjects V; and 1003 Fourth Amendment Search and Seizure.

## II.    Violations of Policies Relating to In-Car Microphones

The car that Defendants were driving the night that they killed Plaintiffs was equipped with an audio-visual recording device that automatically turns on when a car's emergency roof-lights are activated. R. 167 and 200 (Motion to Re-Open Discovery and To Bar Claim Audio Was Not Working). Here, although there is a brief video of Defendants pulling over Pinex's car, there is no audio (and there is no video of the shooting because Defendants positioned their car so that the video camera would not capture the events at issue). Because the system turns on automatically when the cars emergency-roof lights are activated, as they were in this case, the lack of any audio supports an inference that the Defendants intentionally turned off the audio so that there would not be a record of what they said to each other, or to Plaintiffs. Moreover, it appears that the Defendants intend to argue that the equipment may have malfunctioned.

But D.S.O. 06-10's requires that the officers inspect the in-car system before they drive, and it requires them to report any malfunctions. *See id.* at 8-12. If the equipment had malfunctioned, they would have been required to report that issue. Their failure to do so undercuts their story that any technical issues prevented them from recording the events at issue. And in this way, the evidence is admissible for a purpose other for showing that a violation by itself violates the Constitution, and therefore its admission that does not violate the Seventh Circuit's dictates in *Thompson v. City of Chicago*. For these purposes Plaintiff may need to discuss the Coban Quick Reference Guide for the squad car's camera and microphone system; and Department Special Order ("DSO") 6-10, In-Car Video Systems.

### III. Experts

Plaintiffs' experts (Waller and Stine) have identified certain policies and procedures that they have relied upon. These include (identified here by JERS exhibit):

 a) Standards for Law Enforcement No. 66;

 b) Chicago Police Training Video Shooting at Moving Vehicles No. 53;

 c) Chicago Police Department Rules and Regulations No. 52;

 d) Illinois Law Enforcement Training and Standards Board Mandates No. 51;

 e) Chicago Police Training Documents for High Risk Stops No. 49;

 f) Chicago Police Use of Force Policy.

While Plaintiffs do not intend to argue breaches of these policies are themselves excessive force, they may be cited as foundation for opinions or during the examinations

of the officers.

Respectfully submitted,

/s/ James M. Baranyk
Attorney for Plaintiff Colyer

James M. Baranyk
33 N. Dearborn Street, Suite 1950
Chicago IL, 60602
773.517.2904