IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS R. MOSQUEDA | ) | |
| Star No. 13662, and G. SIERRA, Star No. 3656 | ) | Case No. 12 C 04855 |
| | ) | |
| Defendants. | ) | JUDGE CHANG |
| | ) | |
| GLORIA PINEX, ADMINISTRATOR OF THE | ) | Magistrate Judge Nolan |
| ESTATE OF DARIUS PINEX | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER GILDARDO | ) | |
| SIERRA, Individually and as Agent/Employee of | ) | |
| The City of Chicago, OFFICER RAOUL O. | ) | |
| MOSQUEDA, Individually and as an Agent/Employee | ) | |
| of the City of Chicago, and the CITY OF CHICAGO | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendant(s) | ) | |

**DEFENDANTS' OFFER OR PROOF REGARDING THE TESTIMONY OF OFFICERS SERRANO AND DIMAS**

Defendants Raoul Mosqueda, Gildardo Sierra, and the City of Chicago, by their respective counsel, hereby submit their offer of proof for the testimony of Officers Salvador Serrano and Constantino Dimas:

If called to testify, Officer Serrano would testify as follows:

That on January 7, 2011, he and Officer Dimas were working as uniformed patrol officers, Beat 726R, when they received a call to assist at the scene of an officer-involved

1

shooting. They were working the First watch, which was the midnight watch, generally 11:00 p.m. – 7:00 a.m., with some variation. Officer Serrano does not recall the exact time he began and ended his shift on that particular occasion. The officers were called to 1119 W. Marquette Rd. and directed by a supervisor to transport Mr. Colyer to Holy Cross Hospital, although Officer Serrano does not independently recall that his name was Mr. Colyer. The officers drove Mr. Colyer to the hospital in a marked SUV. The ride to the hospital was generally uneventful. Mr. Colyer was not demonstrative or saying much of anything. To the extent anything was said, it was along the lines of small talk, i.e. assuring him that he would be okay.

Neither of the officers discussed the facts of the incident with Mr. Colyer. There was no discussion in the car regarding any substantive aspect of the incident. At the hospital, they were guard officers. They had no idea whether Mr. Colyer would be charged with a crime. No one ever asked, suggested, or directed the officers to elicit any confessions from Mr. Colyer or to suggest to him that he say anything specific to anyone about this incident. Neither Officer Serrano nor Officer Dimas ever said anything to Mr. Colyer regarding what he should say to anyone else, and neither officer said anything to threaten or intimidate him. They never told Mr. Colyer they were going to put a murder case on him or anything to that effect. The officers would not have done or said anything that would have compromised the integrity of the investigation. They had nothing to do with the investigation. They were simply transport officers and guard officers at the hospital. Officers Serrano and Dimas were present for at least some of the time while the detective was interviewing Mr. Colyer. Officer Serrano did not pay attention to the interview because he was not involved in the investigation. Officer Serrano did not recognize the detective and does not know who he was. At some point, the officers left and returned to the station without Mr. Colyer, and returned to normal duties. They returned to the

Seventh District station, not the Detective Area, which is where Mr. Colyer would have been taken if he was released from the hospital. Officer Serrano assumes the officers went back on patrol, but doesn't specifically recall. They never saw Mr. Colyer again after they left the hospital.

If called to testify, Officer Dimas would testify as follows:

Officer Dimas remembers responding to 1119 W. Marquette. He remembers that they were in uniform. He remembers there was a vehicle involved in the incident. The person they transported was a passenger in the vehicle, although he does not recall Mr. Colyer's name. Officer Dimas is sure that he and Officer Serrano took him to the hospital, but he doesn't recall the trip to the hospital. Officer Dimas has never threatened anyone with a murder case or anything like that. It's unethical, it's not in his makeup. The thought would have never entered his mind. He has never, and would never, attempt to intimidate anyone to say something that wasn't true. He's never been asked to do anything like that, and would never do it. He has never known Officer Serrano to do anything like that. He's known Officer Serrano since July 2010. They have a good working relationship.

A detective came and spoke with the person in the hospital now known as Matthew Colyer. Officer Serrano has no independent recollection of the name of the detective. He believes that he and Officer Serrano left when the detective showed up, although he's not sure. He is almost sure they left without Mr. Colyer. He doesn't recall ever seeing Mr. Colyer again. They returned to the 7th District station. They would not have returned to the Detective Area.

Respectfully submitted,

BY: /s/ Jordan Marsh
JORDAN MARSH
Senior Counsel
Attorney for Defendant Gildardo Sierra

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Senior Counsel
Attorney for Defendant Raoul Mosqueda

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-4038
Atty. No. 6216489

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a copy of the foregoing was served by ECF filing upon all counsel of record on February 16, 2015.

/s/Jordan Marsh
Jordan Marsh
Senior Counsel