**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW COLYER and | ) | |
| DARIUS PINEX, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 C 04855 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA, | ) | |
| and RAOUL MOSQUEDA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Although the Court previously granted in part and denied in part defense motion in limine No. 9, which sought to bar evidence that Chicago Police Department policies, rules, or regulations were violated, the Court explained how a violation of a policy could be relevant and admissible, rather than serve only as an inadmissible stand-in for the Fourth Amendment reasonableness standard. R. 270 at 10. The Court gave an example of an admissible policy violation, and ordered additional briefing to give Plaintiffs the chance to articulate policies that might be admissible. R. 270 at 10-11. Plaintiffs filed their list of proposed policy violations, R. 277, and the defense responded, R. 283.

Plaintiffs' first proposed policy violation is the same as what the Court explained was an example of an admissible violation. Specifically, Plaintiffs argue that Sierra's failure to call for backup and failure to pull Plaintiffs' car over from the rear were both in violation of Sierra's training, and is relevant to show that Sierra did not in fact believe that the stop was high risk. The evidence is allowed on that theory of relevancy; the defense's prior objections to evidence of pre-shooting conduct and subjective state of mind were previously overruled.[1] Having allowed

---

[1] As previously explained, the reasonableness standard certainly is an objective test—if an officer is confronted with a set of facts, whether the officer acted reasonably in that situation turns on an objective analysis of reasonableness. But the subjective state of mind of the officers can sometimes be relevant in determining *what* facts comprise the set of

1

this line of questioning, there is a limit: because the defense does not anticipate that Sierra will backtrack on his deposition admission that those failures did violate his training, there will be no need for Plaintiffs to waste time proving-up the training with materials and exhibits. Plaintiffs agree that is a proper limit, R. 289 at 1.

Next, Plaintiffs propose to prove that Defendants failed to follow the procedures for use of the in-car audio-recording system. Plaintiffs wish to argue that Defendants intentionally turned off the recording. Additionally, to counter the defense argument that the system malfunctioned, Plaintiffs propose to introduce a CPD special order that requires officers to inspect the system and to report any malfunction. The Court previously overruled defense objection barring evidence about the failure to record, so the special order and alleged turning off of the microphone are admissible. At the February 19, 2015 status hearing, the Court will briefly discuss the Coban Reference Guide to which Plaintiffs might refer to help refresh memory.

Lastly, Plaintiffs list six additional policies or standards about which Plaintiffs' experts might testify. But Plaintiffs do acknowledge that they will not introduce specific policies unless challenged on cross-examination about them. That limitation is appropriate to avoid wasting time; moreover, Plaintiffs' experts have been limited to certain opinions, so the occasion should not even arise to cross-examine the experts on most of the policies listed.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 18, 2015

---

facts, because (among other potential relevancy grounds) the state of mind makes it more or less believable that the facts confronting the officers were what he says they were. *See Graham v. Connor*, 490 U.S. 386, 399 n.12 (1989) ("Of course, in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will 7toward the citizen.")