UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COLYER and DARIUS PINEX, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 04855 |
| v. | ) ) ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA, and RAOUL MOSQUEDA, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This Order summarizes in-court rulings made at the status hearing on February 19, 2015.

**1. The Stop at the Liquor Store.** Neither party may introduce evidence of Colyer and Pinex's visit to a liquor store before the traffic stop. Consistent with the prior decision barring evidence of the liquor bottle found in Pinex's car, R. 260 at 7, this evidence is barred under Rules 401 and 403 of the Federal Rules of Evidence. Defense counsel was unable to articulate any relevance for the evidence, much less one that would overcome the unfair prejudice.

**2. Physical Evidence.** When discussing the physical evidence from the scene that Plaintiffs have asked Defendants to make available, the Court reminded the parties that exhibits not listed on the Proposed Pretrial Order exhibit lists are presumptively inadmissible unless some good reason can be shown for why they were not listed. Unlike federal criminal trials, where the Federal Rules of Criminal Procedure do not set forth detailed pretrial conference procedures and disclosure to trial exhibits, *see* Fed. R. Crim. P. 17.1 (simply authorizing pretrial conferences "to promote a fair and expeditious trial"), federal civil trials are governed by the detailed required disclosures in Federal Rule of Civil Procedure 26(a)(3)(A), including "an identification of each document or other exhibit," Fed. R. Civ. P. 26(a)(3)(A)(iii). The sanction for failing to provide information required under Rule

1

26(a) is also set forth in detail in Rule 37(c)(1). This standard applies to the physical evidence discussed at the hearing, and to any other exhibit, offered by any party, that was not listed on a party's proposed exhibit list. So the parties must not assume that they can successfully offer exhibits not listed on their proposed exhibit lists, nor will the Court waste trial-day time to discuss an unreasonable number of exhibits for substantial justification or harmlessness, Fed. R. Civ. P. 37(c)(1); the offering party must file a written offer of proof after the trial day.

**3. Colyer's Complaint.** The allegations in Colyer's complaint are admissible as party admissions, either because Colyer actually approved the allegations or, if for some reason he did not, the allegation was made on his behalf by an agent (his attorney). Fed. R. Evid. 801(d)(2)(A), (C).

**4. Dennis Waller.** Defendants articulated their concern that Plaintiffs' expert Dennis Waller will testify that Defendants "should not" have shot at Pinex's moving car rather than testify that Defendants "acted inconsistently with their training" by shooting at Pinex's moving car. The Court explained that Waller will be allowed to testify, consistent with the prior decisions (including those related to Plaintiffs first laying necessary foundation), that shooting a moving car is inconsistent with Defendant's CPD training, and the reasons why shooting at a moving car is dangerous and ineffective. But Waller cannot couch the opinion in terms of his irrelevant personal beliefs; the prior decision explained how the violation of CPD training is relevant to showing that the officers' version is now what happened.

Defendants asked for, and received, the Court's permission to cross examine Waller with relevant General Orders. By doing so, Defendants will not waive their objection to the relevance of the General Orders generally.

Plaintiffs will inform Defendants as soon as possible, but no later than February 24, 2015, precisely which video (or videos) Waller will testify about as the premise of CPD training. This will avoid the need to expend trial time with *voir dire* of Waller on this subject.

**5. Family Photos.** Plaintiffs and Defendants represented that Plaintiffs had sent to Defendants the family photos that Plaintiffs introduced and Defendants will make their objections to Plaintiff by the end of February 19, 2015. If any disputes about the photos arise that require Court intervention, then the parties must raise this at 8:30 a.m. on the first day of trial.

**6. Minors' Names.** Plaintiffs' counsel represented that it has the consent of one guardian of the minors and is about to obtain consent of the other guardian. Unless Plaintiffs' counsel states otherwise before trial, it is assumed that the minors' names will be used at trial.

**7. The OEMC Recordings.** Plaintiffs moved to exclude recordings of certain OEMC recordings. That motion is denied because the calls are relevant to Defendants' version of what information they allegedly heard before making the traffic stop. Under that version, the recorded calls went out; then later calls were made based on those calls but with some of the details altered or left out; Mosqueda and Sierra heard the later calls and, on the basis of the information in them, believed (in Mosqueda's formulation) that Pinex's Aurora was involved in a shooting. Plaintiffs' arguments all went to weight, not relevance.

That said, at the hearing ,the Court invited Plaintiffs to file a motion to exclude the portion of the dispatch recording where an unknown person says words to the effect of "we assume there's a gun in the car." The question is whether a reasonable officer would be *disallowed*—as a matter of *law*—from relying on a later call derived from that original "assumption" call. It might be that an officer who *unreasonably* relies on a purported fact is disentitled from asking the jury to consider the purported fact in assessing the reasonableness of the use of force. To illustrate the point with an extreme example, if a tipster told an officer that a suspect was carrying a gun and the tipster learned this by using his powers of telepathy, the officer could not reasonably rely on that information in deciding what kind of force to use. The question here would be whether an unwarranted assumption ("we assume there's a gun in the car") passed on through OEMC dispatches could be reasonably relied on by Defendants—though Defendants say that they heard the message as saying that the Aurora was involved in a shooting (so Defendants did not hear anything about an "assumption").

Plaintiffs did file a reconsideration motion, R. 304, but the motion addresses the *factual* question again, rather than the legal issue. The motion argues that there is no evidence of the broadcast call in which Mosqueda could have heard that the Aurora was involved in a shooting, and the evidence is therefore speculative (or at least it is speculative that the recorded calls were the basis of whatever was broadcast to Mosqueda). The defense is, however, essentially asking the Court to disbelieve that Mosqueda did hear a broadcast stating that the Aurora was involved in a shooting. This the Court will not do, because it resolves a factual dispute that the jury must resolve. Unlike the evidence involved in the two cases cited by the

3

motion, Mosqueda purports to have personal knowledge of the broadcast. Sure, he will be, and should be, ruthlessly cross-examined on the existence of the broadcast. But the Court cannot simply find Mosqueda not credible against the defense on this factual point. And the existence and content of the prior OEMC recordings do have a tendency to make it more likely that Mosqueda heard what he claims to have heard. As the Court explained at the status hearing, if there were no such prior recordings, then the jury would be more likely to conclude that Mosqueda had not heard what he claims to have heard. The motion to reconsider is denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 22, 2015