UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COLYER and | ) | |
| DARIUS PINEX, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 C 04855 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA, | ) | |
| and RAOUL MOSQUEDA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On review of Plaintiffs' motion for a directed verdict, R. 319, in order to expedite the resolution of the motion before the trial day begins, the Court issues this Order to explain its current inclination. On the current record, there is a discovery violation, because Plaintiffs' requested the now-disclosed recording and the defense failed to produce it. There is currently no explanation whatsoever as to why the recording was not produced earlier, nor any adequate explanation as to why defense counsel did not immediately disclose the possible existence of the recording when he first learned about it on Tuesday, February 24.

At this point in the trial, however, the appropriate step would be to take the sanctions motion under advisement. Even Plaintiffs' acknowledge that extensive discovery would be required to determine the details underlying the discovery violation. R. 319 at 8 n.2. The parties and the Court would need to drill down into details of the January 2011 request for the recording and its retention and distribution from that date onward. That would include discovery with Laura Dunaj, Jill Maderak, and any other OEMC custodian who might have responded to the request. Moving beyond 2011, discovery would be required to investigate the details of the response to this case's discovery requests, including Defendants' conduct, defense lawyers' conduct, and the records custodians' conduct, from the first set of discovery requests to what has been described as ongoing discussions with OEMC custodians about the recording.

1

Instead, for now the appropriate and proportional sanction would be to allow Plaintiffs' to introduce the recording and examine Mosqueda about it and to instruct the jury about Defendants' failure to turn over the recording. The instruction would read as follows:

> You have heard testimony from Defendant Mosqueda that, sometime earlier in his shift on the night of the shooting, he heard a police radio broadcast that was broadcast on the radio for Radio Zone 6, which includes the 7th District. Mosqueda testified that the broadcast reported that a dark-colored vehicle with rims and a temporary license plate had fled from 4th District officers, was presumed to be armed, and had something to do with a shooting. Before this trial, Plaintiffs made a valid request for a recording of that alleged broadcast. The defense failed to turn over any recording before trial, as is required by the Rules. Yesterday, the defense turned over the only recording during that shift that could be the broadcast about which Mosqueda testified. I have authorized further examination of witnesses about the broadcast, and you will hear the recording as Plaintiffs' Exhibit 108.

Taking these steps now would allow for further discovery and litigation over the propriety of the directed-verdict after the trial (or a new trial with other sanctions if Plaintiffs lose), and at the same would allow the trial to proceed to verdict and preserve the four days' worth of testimony so far.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 27, 2015

2