THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW COLYER, et al., ) | |
| ) | No.: 12 C 4855 |
| Plaintiffs, ) | |
| ) | Judge Edmund E. Chang |
| v. ) | |
| CITY OF CHICAGO, OFFICERS ) | |
| R. MOSQUEDA, Star No. 13662 and ) | |
| G. SIERRA, Star No. 3656, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTION ON THE DEFINTION OF UNREASONABLE FORCE**

Plaintiffs respectfully submit a copy of their proposed changes to the Court's Instruction on "The Definition of Unreasonable Force," as discussed during the jury instruction conference on March 2, 2015. The below instruction is a redline from Court Set 1, page 23 (Docket No. 326-1 at 23).[1]

Respectfully submitted,

/s/ Scott Rauscher
Scott Rauscher

Jon Loevy
Scott Rauscher
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, IL 60607

STEVEN A. GREENBERG
STEVEN A. GREENBERG AND ASSOCIATES, LTD.
53 W. JACKSON BLVD., SUITE 1260
CHICAGO, ILLINOIS 60604
(312) 879-9500

---

[1] Plaintiffs understand that the Court has already ruled on the majority of their proposed changes, but include their full redline version for completeness.

**The Definition of Unreasonable Force**

The use of "force" includes the use of physical force against a person's body. It also does include pointing a firearm at a person.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time ~~of the arrest~~, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. ~~It is not necessary that this danger actually existed.~~ An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

An officer is not justified in using deadly force when his actions unreasonably created a physically threatening situation that led him to use deadly force.[2]

You must consider all of the circumstances when you decide whether the force used in this case was reasonable. Some of those circumstances might include, but are not limited to, the following:

- The need for the use of force.

- The relationship between the need for the use of force and the amount of force used.

- The extent of the injuries caused by the force.

- Any efforts made by the officer to temper or limit how much force they used.

- The threats reasonably perceived by the officer.

- ~~Whether the plaintiff whose claim you are considering was resisting arrest or attempting to flee.~~

You of course may consider other circumstances than those that I have just listed. The list is not meant to be totally complete.

---

[2] *See Estate of Starks v. Enyart*, 5 F.3d 230, 234-35 (7th Cir. 1993).