UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MATTHEW COLYER and | ) | |
|---|---|---|
| DARIUS PINEX, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 C 04855 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA, | ) | |
| and RAOUL MOSQUEDA, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The Court and the parties discussed Jury Instructions—Court Set 1 during the instructions conference. Most changes were made during the conference itself (the most impactful on the instructions being Pinex's voluntarily dismissal of the battery claim against Sierra and the assault claim against Sierra). A few of the instructions were taken under advisement. After issuing Jury Instructions—Court Set 2, this Order explains the decisions that had been taken under advisement.

**Unreasonable Conduct of Officer Creating the Danger (Pages 23 and 24).** Plaintiffs proposed an addition to the Definition of Unreasonable Force on the excessive-force claim, and a corresponding one for the battery claim, stating that "An officer is not justified in using deadly force when his actions unreasonably created a physically threatening situation that led him to use deadly force." R. 335 at 2. Plaintiffs cite *Estate of Starks v. Enyart*, 5 F.3d 230, 234-35 (7th Cir. 1993), for the proposition. The defense first responds that *Starks* involved a qualified-immunity and summary-judgment setting, R. 339 at 4, but that procedural distinction does not undermine the legal principle set forth in *Starks*. Indeed, if anything, the fact that *Starks* denied qualified immunity to the officers means that the Seventh Circuit held that the principle is not only correct, it was so *clearly established* that a reasonable officer would know that he could not (under the plaintiff's version in *Starks*) move into the path of the suspect's car and then use the self-created danger to justify the use of deadly force. And *Starks* is consistent with

1

the general principle in Fourth Amendment law on searches (which is subject to the same reasonableness requirement as seizures) that officers cannot rely on exigencies that they themselves created in violation of the Fourth Amendment. *See Kentucky v. King*, 131 S. Ct. 1849, 1858 & n. 4 (2011) ("Where, as here, the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment, warrantless entry to prevent the destruction of evidence is reasonable and thus allowed.")

The defense next argues that "Defendants did not create a physically threatening situation *to themselves* by approaching the Aurora because, as Plaintiffs assert, the Aurora posed no threat whatsoever to Defendants when they made their approach." R. 339 at 4 (emphasis in original). But the trial testimony of Mosqueda and Sierra is replete with references to protecting the other, first that Sierra was protecting Mosqueda from the reversing Aurora and then that Mosqueda was protecting Sierra from the forward-accelerating car. Plaintiffs argue that the officers created that situation by approaching with guns drawn and pointed at Plaintiffs. The proposed addition informs the jury that the officers cannot unreasonably create the dangerous situation.

Lastly, the defense argues that the Seventh Circuit Pattern Civil Jury Instructions do not contain the addition proposed by Plaintiffs. But the Pattern Instructions are not all-encompassing and do not cover every situation. And, having served on the Pattern Criminal Jury Instructions Committee, the Court is the first to acknowledge that, as much as the Committee tries to unearth every relevant case on every issue, 100% success is elusive. The Court will add the proposed language (which, upon reflection, is sufficiently neutrally stated) to the fourth paragraph of the Definition of Unreasonable Force. The addition also should be added to the explanation of justification in the battery instruction. Although there does not appear to be Illinois state-law case authority on this issue either way, the principle does fit with the requirement that the contact (the battery) was "necessary" to avoid harm; the contact would not have been "necessary" without the unreasonable conduct. (As a practical matter, the addition probably matters less for the battery instruction because the additional hurdle for that claim is the willful-and-wanton requirement.)

**Battery Claim (Page 24).** As discussed during the instructions conference, the references to the Wrongful Death Act and Survival Act in the headings of the jury instructions and on the Verdict Forms might confuse the jury. The heading on the Battery Claim will omit references to the Acts, and will simply read, "The

Estate's Battery Claim Against Raoul Mosqueda." The Wrongful Death damages instruction will be entitled, "Battery Damages for Pinex's Children." The Verdict Forms will reflect the same title for that category of damages.

ENTERED:

     s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 3, 2015