**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW COLYER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12 C 4855 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Edmond E. Chang |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANTS' AND RESPONDENTS' STATUS REPORT**

Defendants and Respondents address their areas of agreement and disagreement with Plaintiffs' Status Report (Dkt No. 352) as follows:[1]

**Discovery Stages**

Defendants and Respondents agree that discovery should proceed in stages with written discovery conducted first. Responding to the requests for production and gathering information for the interrogatories will require a comprehensive search and review of all available documents and numerous email accounts. The parties have agreed that Defendants and Respondents may have thirty days to respond to the document requests and interrogatories.

Once written discovery is complete, Defendants and Respondents agree to confer with Plaintiffs and attempt to agree on whom should be deposed. If the parties cannot agree, the parties should submit a joint report to the Court for a resolution of their differences.

---

[1] To explain why a joint document has not been filed, Plaintiffs' counsel has asked Defendants' counsel to include the following: Defendant City's counsel first contacted Plaintiffs' counsel, along with Respondents' counsel, at 1:30 pm today, March 20, to discuss the status report. Defendants' and Respondents' counsel said they would send Plaintiffs' counsel their draft status report this afternoon, but did not send it until 4:38 pm. Because Plaintiffs had insufficient time to incorporate this into a joint document, Defendants and Respondents file this separately.

**Scope of Discovery**

The scope of this proceeding should be limited to discovering facts relating to the production during trial of the January 6, 2011 OEMC recording (the "Recording") only to those parties and other persons reasonably expected to have knowledge and information of the existence and disposition of the Recording prior to its production, namely who knew it existed and when, and why was it not produced prior to trial.

Plaintiffs should not be permitted to re-litigate the merits of this case or otherwise unnecessarily expand the discovery beyond the Scope of this Discovery.

**Written Discovery**

Defendants and Respondents agree with the majority of Plaintiffs' discovery requests, but address the following limited objections.

(a) Defendants and Respondents disagree with Plaintiffs' request to direct written discovery to Tom Platt, Deputy Corporation Counsel and Supervisor of the City of Chicago Law Department's Federal Civil Rights Division. Mr. Platt supervised the attorneys representing the Defendants; however he was neither active nor directly involved in discovery, including in connection with Defendants' answers and responses to Plaintiffs' written discovery.

(b) Defendants also disagree with Plaintiffs' request to direct written discovery to Defendants Mosqueda and Sierra. Although Mosqueda and Sierra are parties to this lawsuit, the events relating to the search, disposition and production of the Recording are plainly outside the scope of their knowledge or information.

(c) Defendants and Respondents recognize and agree that objections to Plaintiffs' discovery requests should be used sparingly; however a number of Plaintiffs' proposed Production Requests suggest that objections will be necessary to restrain overly broad and

burdensome requests for documents that are unrelated to the purpose of this proceeding or not reasonably calculated to the discovery of other information relevant or useful to a disposition of these proceedings. To illustrate:

Plaintiffs' Proposed Production Request No. 4. Plaintiffs' request for production of all cellular, home and work telephone records for Jordan Marsh, Tom Aumann, Dana Pesha, Jill Maderak, Laura Dunaj, Sgt. Lamperis, and Detective Gallagher, and all support staff that worked on the case. This is an extremely overbroad, burdensome and vague request *i.e.* "all support staff that worked on the case," and highly unlikely to reveal or lead to the discovery of any useful information.

Proposed Production Request No. 5. Plaintiffs' request for production of "[a]ll documents showing the dates on which Marsh, Aumann, and Pesha met with witnesses or potential witnesses to prepare for trial, including identifying with whom they met on which date." The overly broad scope of this request and the undue burden or responding to it is self-evident as the number of witnesses and potential witnesses that Marsh, Aumann, and Pesha met with over the years of this litigation likely exceeds 100. More importantly, however no probative or relevant information will be derived from these documents.

Proposed Production Request Nos. 19 and 20. Plaintiffs' request for production of "Front Office Memos" or trial memos prepared by Defendants' trial attorneys and "notes taken during the trial conference held between the trial attorney and any other corporation counsel." These memos and notes reflect attorney work product and are protected from disclosure under Fed.R.Civ.P. 26(b)(3)(A), unless Plaintiffs show a "substantial need for the materials to prepare [their] case," which in this instance means in a prospective motion directed to a discovery violation involving the Recording, and not in connection with Plaintiffs' anticipated motions

under Rule 59. Fed.R.Civ.P. 26(b)(3)(A)(ii). In the context of these proceedings, Plaintiffs' cannot make this showing. Even if these memos and notes were deemed admissible because this showing has been made, Fed.R.Civ.P. 26(b)(3)(B) protects any against disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." In light of the foregoing, Defendants and Respondents should not be barred from objecting to this and similar discovery that seeks disclosure of attorney work product or other privileged information.

**Verifications of Answers to Discovery**

Responses to interrogatories should be verified according to Rules 33 and 34, and should not require the additional measures requested by Plaintiffs.

**Detailed Description of Discovery**

Defendants and Respondents and their counsel should not have to provide a written description of how they conduct discovery. At a minimum, this request is premature.

**Privileged Materials**

It is premature to consider whether any privileges apply because the parties and their counsel have not reviewed the entire scope of documents that fall under Plaintiffs' requests. Defendants and Respondents disagree that there has been a blanket waiver of any assertion of privilege or that the crime fraud exception applies. Defendants and Respondents will further confer with Plaintiffs' counsel regarding privilege issues if any dispute arises.

**Selection of Counsel**

As Plaintiffs suggest, Defendant City has retained outside counsel and the Respondents (Defendants' counsel of record) have retained separate outside counsel. At this time, trial counsel will continue to represent the interests of Defendants Mosqueda and Sierra.

**Costs and Fees**

Defendants and Respondents disagree that they should pay the costs and fees associated with the sanctions discovery. Plaintiffs may raise this issue after the matter has been resolved, but it is premature to make that determination now.

**Final Joint Status Report**

Defendants and Respondents agree that a final joint status report should be filed with the Court upon the completion of oral discovery, to advise the Court of the progress and any outstanding issues that cannot be agreed upon.

Respectfully submitted,

By: s/ Molly E. Thompson
One of the Attorneys for the City of Chicago

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

Respectfully submitted,

By: s/ Thomas M. Leinenweber
One of the Attorneys for Jordan Marsh,
Thomas Aumann and Dana M. Pesha

Thomas M. Leinenweber
Leinenweber Baroni & Daffada LLC
203 North LaSalle Street
Suite 1620
Chicago, Illinois 60601
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I electronically filed the foregoing **Defendants' and Respondents' Status Report** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to counsel of record.