UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COLYER and<br>DARIUS PINEX, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 12 C 04855 |
| v. | )<br>)<br>) | Judge Edmond E. Chang |
| CITY OF CHICAGO, GILDARDO SIERRA,<br>and RAOUL MOSQUEDA, | )<br>)<br>) | |
| Defendants. | ) | |

ORDER

This Order summarizes rulings made at the status hearing on March 26, 2015.

**Representation for Sierra and Mosqueda.** Because their interests conflict, trial counsel must not represent Sierra and Mosqueda in connection with post-trial discovery arising out of the OEMC recording-related discovery violation. Defendants shall obtain other counsel for Sierra and Mosqueda for this purpose. They must do so quickly so as not to delay these post-trial proceedings.

**Tom Platt Discovery.** Defendants' objection to written discovery directed at Tom Platt is overruled: there is reason to believe that he initiated the first request for the recording, so discovery may be directed to him. If he was otherwise inactive in obtaining the recording or learning about its whereabouts later, then the discovery will not be onerous because the answers will be correspondingly sparse.

**Sierra and Mosqueda Discovery.** Defendants' objection to discovery directed at Sierra and Mosqueda is overruled: because of their obvious interest in the recording, it is not speculative to believe they may have discoverable information.

1

**Phone Records.** Defendants' objections to the discovery targeted at phone records are overruled. That discovery is, however, limited to calls, voicemails, texts and other communications exchanged on home, work, or cell phones among: Jordan Marsh, Tom Aumann, Dana Pesha, Gildardo Sierra, Raul Mosqueda, Jill Maderak, Laura Dunaj, Detective Gallagher, Sergeant Lamperis, and all paralegals and other support staff involved in discovery and trial preparation in this case. (Defendants' will provide the names of all paralegals and support staff fitting that description to Plaintiffs, as well as all of the relevant phone numbers; the phone numbers are disclosed on an attorney's-eye's only basis.) The request is further limited to records covering the 30 calendar days before the start of trial.

**Rule 59 Motions.** Plaintiffs' oral motion for leave to file separate Rule 59 motions is granted. Plaintiffs may file one motion based on the OEMC call-related discovery violation and one motion on all other reasons they believe a new trial is warranted. Trial counsel may respond to the latter motion only. Out of an abundance of caution, conflict waivers should be sought from Sierra and Mosqueda to allow trial counsel to respond to the latter motion. Sierra and Mosqueda should be counseled on the waiver by any supervisor in the Law Department outside of trial counsel's section. The response may simply state in a footnote a confirmation that the waivers were provided by Defendants (if in fact they so waive).

**Request for Production No. 5.** This request is overbroad. Instead of all "witnesses or potential witnesses" it will be limited to Dunaj, Maderak, Lamperis, and Gallagher. It will also be limited to the 60 days before trial.

**Requests for Production Nos. 19 & 20.** These requests are overbroad. Instead of all "Front Office Memos or trial memos" and all "notes" only those portions that relate to the OEMC recordings. To the extent any covered documents are privileged, they may be filed *ex parte* and under seal for the Court's review (after creating a privilege log, served on Plaintiffs).

**Oath.** All discovery responses will be signed under oath by the particular respondent.

**Information on Discovery.** Plaintiffs will craft an interrogatory to seek the information they want on how Defendants conduct the search for requested records. Furthermore, Defendants shall identify, in each response to the requests for production, from whom counsel sought responsive documents and if documents were produced, who produced each document.

**Costs.** In light of the discovery violation, deposition costs will be paid by Defendants. All other cost-related and fee-related decisions are reserved, to be determined based on what is uncovered.

**Timing – Answers.** Defendants will serve answers to the written discovery by April 25, 2015.

**Timing – Plaintiffs' "List."** Plaintiffs shall provide Defendants a list, by tomorrow, of documents that they believe should be produced sooner rather than later (namely, by April 6, 2015).

**Timing – Production of Documents.** Defendants should confer with Plaintiffs about producing documents on a rolling basis.

**May 6, 2015, Status.** The case is set for a status hearing on May 6, 2015, at 1:30 pm. The parties shall be prepared to discuss deposition scheduling and other pending issues. By May 4, 2015, the parties shall file a joint status report indicating their positions.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2015
(Entered: March 27, 2015)